Per Curiam.

After some hesitation we have come to the *262 conclusion that the arrest is void. We have looked at cases m England, in some of which the protection is carried further than it probably would be in this Commonwealth. In the case before us the petitioner has a suit pending, which is not fictitious, and he obtains a writ of protection from the clerk of the court, who has authority to issue such writs, though his exercise of the power is not conclusive on the rights of the party.* It is known to the Court and the bar, that this term is held for the determination of questions of law, and that probably there will be no jury trials. But a party may not be aware of this ; and it is possible that a jury may be summoned. At the nisi prius term in this county in November, a party is protected until his cause is tried, and yet several weeks may elapse before the trial takes place. The petitioner having stated in his affidavit, that he is employed about his cause, and that it may present a question of law, upon facts to be agreed, and it being possible that it may yet be put upon the law docket of this term, and there having been no promulgation that there would be no jury trials, we think the petitioner is not to be prejudiced by the circumstance of this being a law term. We are aware that writs of protection are subject to abuse, especially in this county, where the terms of the court are of long duration ; and to prevent such abuses, we think proper to order, that all the actions standing for trial by jury be continued. The petitioner must be discharged from the arrest, and he will be protected a reasonable period from this time.

 By a rule made at March term 1831, application for a writ of protection for a party or witness in a suit pending in this Court, must be made to the Court or one of the judges.